IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK T. WHITEHEAD,

                Plaintiff,                OPINION AND ORDER

  v.

                                                   13-cv-490-wmc

JAYSON REYNOLDS[1] and WOODLINE
MFG, INC.,

                Defendants.

---

     In this civil action, plaintiff Frank T. Whitehead is proceeding *pro se*, alleging that the plant manager at his former employer sexually harassed and assaulted him. The court granted Whitehead leave to proceed on a claim for hostile work environment in violation of Title VII, 42 U.S.C. § 2000e, against defendant WoodLine MFG., Inc., and a state law tort claim for battery against defendant Jayson Reynolds. Before the court is defendants' motion for summary judgment for failure to exhaust administrative remedies. Because the undisputed facts demonstrate that Whitehead failed to exhaust his Title VII remedies, the court will grant that motion. Having dismissed the only federal claim, the court will also decline to exercise supplemental jurisdiction over plaintiff's state law claim against defendant Reynolds, dismissing that claim without prejudice and thereby closing this case.

---

[1] The court corrects the spelling of Reynolds name in the caption to reflect the spelling used by that defendant in his answer to the complaint. (*See* Defs.' Answ. (dkt. #22) p.1.)

UNDISPUTED FACTS[2]

In his complaint, plaintiff Frank Whitehead alleges that his former supervisor at WoodLine, defendant Jayson Reynolds, sexually harassed and assaulted him, beginning in 2007 and continuing through January 3, 2012. (Compl. (dkt. #1) p.3 (alleging that he returned to WoodLine in 2007 and Reynolds began sexually harassing him at that time); *id.* at p.8 (alleging last sexual assault on January 3, 2012).) Even if there was some uncertainty about the end date of the alleged harassment, there is no dispute that Whitehead no longer was employed in WoodLine at least by May 3, 2012.[3]

According to an April 3, 2013, letter from Shannon M. Lemke of the U.S. Equal Employment Opportunity Commission ("EEOC"), Milwaukee area office, to Whitehead, the EEOC received a letter from Mr. Whitehead on March 25, 2013. (Pl.'s Submission, Ex. 1 (dkt. #26-1).) As far as the court can tell, however, the record does not contain the March 2013 letter from Whitehead to EEOC. In the EEOC's response, the EEOC questioned the timeliness of Whitehead's letter:

> The EEOC has jurisdiction when the employee files a complaint within three-hundred (300) days of the last date of incident. In your case, the EEOC received your letter on March 25, 2013, and three-hundred (300) days prior to that date, is May 29, 2012. According to the information you

---

[2] The court draws these facts from the parties' submissions and views them in the light most favorable to Whitehead as the non-moving party. While Whitehead's submissions cover significantly more ground than the narrow issue presented by defendants' motion for summary judgment, the court only recounts facts material to that motion. Moreover, Whitehead submitted a second, untimely response to the motion for summary judgment (dkt. #49), which defendants seek to strike (dkt. #50). In the interest of justice, the court also considers this response, although it in no way alters the resolution of the motion itself.

[3] Whitehead has been incarcerated since that date. (Affidavit of Dustin T. Woehl ("Woehl Aff."), Ex. 2 (dkt. #38-2) p.14 (listing May 3, 2012 as the date of initial appearance and stating that Whitehead was in custody).)

>provided, your employment situation occurred prior to May 29, 2012, therefore the EEOC no longer has jurisdiction.

(*Id.*)

The EEOC's April 2013 response also described Whitehead's right to file a charge and necessary next steps:

>You always have a right to file a charge with the EEOC; however if you choose to file, the EEOC will dismiss the case and you will receive a Notice of Right to Sue, which allows you to proceed to court within ninety (90) days of receiving the notice.
>
>If you wish to continue this process and receive the Notice of Right to Sue, please inform me no later than April 19, 2013. Also provide your date of birth, and the name of the company with the address.

(*Id.*)

Whitehead avers that he responded to this letter on April 7, 2013, but again fails to produce the letter, while further acknowledging that he never received a response from the EEOC to that letter. (Pl.'s Resp. to Defs.' PFOFs (dkt. #42) ¶ 6.) Regardless, WoodLine never received a copy of any EEOC charge made against it by Whitehead. Similarly, Whitehead never received a 90-day right to sue letter from the EEOC. Nevertheless, Whitehead signed his complaint in this lawsuit on June 26, 2013, and filed it on July 11, 2013.

In February of this year, Whitehead purportedly sent another letter to the EEOC. (Affidavit of Frank T. Whitehead ("Whitehead Aff."), Ex. 2 (dkt. #41-2).) In the EEOC's response dated February 27, 2015, the Commissioner indicated that its timeliness analysis was correct, acknowledged that Whitehead mentioned in his February

letter that he responded to the April 3, 2013, letter, but stated that the EEOC does not have that letter, and further provided a "draft charge of discrimination and a self-addressed, stamped envelope in which you may return the charge after it is signed. The charge is based on the information you included in your March 20, 2013, letter." (*Id.*) Whitehead indicates that he intends to sign the draft charge, but does not indicate that he has done so. (Pl.'s Resp. to Defs.' PFOFs (dkt. #42) ¶ 6 at p.11.)

OPINION

I. Exhaustion Requirement

      To bring a claim under Title VII, a plaintiff is required to exhaust his administrative remedies by filing a charge with the appropriate federal or state agency before filing suit in federal court. 42 U.S.C § 2000e-5(k). After a final action by the EEOC, a plaintiff has ninety days to file a civil action. 42 U.S.C. § 2000e-16(c) (setting ninety-day deadline after EEOC final action to file civil action). Absent a right-to-sue letter, a plaintiff is precluded from filing suit in federal court. *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). ("Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies.").

      Under Title VII, a would-be plaintiff in Wisconsin also must file a charge within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). A charge filed beyond the 300-day window is time-barred and, in turn, cannot be the subject of a civil suit. *See Majors v. Gen. Elec. Co.*, 714 F.3d 527, 536 (7th Cir. 2013) ("A

charge filed beyond the 300-day period is untimely and barred." (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, (2002)).

Here, there is no credible dispute that the March 2013 letter to the EEOC does not constitute a charge. In particular, in its reply to that letter, the EEOC requested the name of the company and its address. EEOC regulations also state that the charge must contain, among other information, "the full name of the address of the person against whom the charge is made, if known." 29 C.F.R. § 1601.12(a); *see also* 42 U.S.C. § 2000e-5(b) (requiring that "[c]harges . . . shall contain such information and be in such form as the [EEOC] requires"). While plaintiff represents that his name, his company's name and Jason Reynolds' name were in that letter (Whitehead Aff. (dkt. #41) ¶ 3), he does not dispute that the letter failed to contain his employer's address. Moreover, plaintiff has failed to present any evidence that the March 2013 letter was verified by swearing or affirming under oath, also a requirement of 42 U.S.C. § 2000e-5(b).

Plaintiff's simple averment that he did submit a response to the EEOC also fails to raise a genuine issue of material fact to preclude summary judgment. As detailed above, even if plaintiff mailed a response, there is no dispute the charge would have been untimely, having been more than 300 days after the alleged harassment and assault. Indeed, other than claiming that he was not aware of the EEOC and directing the court to other communications in which he complained of the harassment, Whitehead fails to offer any meaningful response to the untimeliness of his March 2013 letter -- assuming that this letter could constitute a charge -- or of any subsequent response to the EEOC's April 2013 letter. This alone is a sufficient basis for the court to grant defendants'

5

motion.  *See Gatto v. Indian Prairie Sch. Dist. 204*, No. 12-1815, 508 F. App'x 554, 556, 2013 WL 563287, at *2 (7th Cir. Feb. 15, 2013) (unpublished) ("Having the letter could not salvage her discrimination claim because, as district court observed, she had waited more than five years after her resignation to file a charge with the EEOC, long past the 300–day deadline applicable to claimants in Illinois.").

Finally, plaintiff submits a February 2015 letter from the EEOC with a draft charge purportedly attached to the letter (but not attached to the copy of the letter submitted to this court).  Even assuming plaintiff signed the draft charge and mailed it back to the EEOC, *and* further assuming that the EEOC issued a 90-day right to sue letter, this subsequent action cannot save plaintiff's Title VII claim here.  *See Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) ("[P]laintiffs who have not exhausted their administrative remedies have prematurely brought their claims into the courts.").

Still, the court will dismiss this claim without prejudice, allowing Whitehead to refile if and when he successfully exhausts any remaining administrative remedies.  *Hill*, 352 F.3d at 1145-46 ("If, however, through ignorance of proper procedures a plaintiff jumps the gun, suing before he has exhausted his administrative remedies, it does not follow that his suit must be dismissed with prejudice, which would preclude its reinstatement.  It can be dismissed as premature, at least if the opposing party has not been harmed by the premature filing of the suit, and hence without prejudice." (internal citation omitted)).[4]

---

[4] Although dismissal without prejudice is the accepted practice, it is difficult to understand how plaintiff will be able to renew his claim given the untimeliness issue.

**II. Decline Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367, the court may exercise its supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." Here, however, having dismissed plaintiff's sole federal claim, it is "the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). There being no obvious overlap or efficiency served by the exercise of supplemental jurisdiction, the court will dismiss without prejudice plaintiff's battery claim against Reynolds.

ORDER

IT IS ORDERED that:

1) Defendants Jayson Reynolds and WoodLine MFG., Inc.'s motion for summary judgment for failure to exhaust administrative remedies (dkt. #36) is GRANTED. Plaintiff's Title VII claim is dismissed without prejudice.

2) Having declined jurisdiction, plaintiff Frank T. Whitehead's state law battery claim against defendant Reynolds is also dismissed without prejudice.

3) The clerk of court is directed to close this case.

Entered this 19th day of June, 2015.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge